IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LORETTA A. JOHNSON, et al., Plaintiffs, vs. CITY OF UNALAKLEET, et al., Defendants. | Case No. 3:10-cv-0034-RRB **ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT** |

## I. INTRODUCTION

The facts leading to this lawsuit are relatively undisputed.[1] Dane Johnson was riding his four-wheeler in the village of Unalakleet on September 19, 2008, when he ran over a young girl, causing severe injuries. The first law enforcement officer on the scene was village police officer ("VPO") George Turner, a Defendant herein. VPO Turner handcuffed Dane and placed him in his police car. It is undisputed that Dane was intoxicated, although it is unclear whether VPO Turner recognized this or not. VPO Turner did not search Dane's person before placing him in the car.

---

[1] Docket 20.

ORDER DENYING MOTION FOR
   RELIEF FROM JUDGMENT - 1
3:10-CV-0034-RRB

VPO Turner returned to attending to the victim, leaving Dane in the police vehicle. Shortly thereafter, Dane used one of two guns he was carrying on his person to commit suicide. VPO Turner had been on the scene approximately 12 minutes when Dane shot himself.

The federal counts in the Second Amended Complaint included Count V, a § 1983 claim against VPO Turner for failure to protect Dane from injury while in his custody; Count VI, a § 1983 claim against the City of Unalakleet for failure to properly train or supervise its agents; and Count VII, alleging violation of the parents' due process rights under the Fourteenth Amendment. On November 24, 2010, at Docket 75, the Court granted summary judgment for the Defendants on all three federal counts and declined to exercise jurisdiction over any remaining state claims.

The Court found that an individual who is briefly detained in a police cruiser pending an on-the-scene investigation does not have a *constitutional right* to be protected from his own unanticipated suicide attempt. The Court further found that the facts, taken in the light most favorable to the Plaintiffs, do not show that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[2] The Court

---

[2] Saucier v. Katz, 121 S. Ct. 2151, 2156 (2001).

concluded that it need not evaluate VPO Turner's state of mind, his credibility, or his subjective beliefs in order to conclude that "a reasonable officer" in VPO Turner's position would not think his conduct was unlawful. "Qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"[3] The Court held that VPO Turner is entitled to qualified immunity in this matter.

Having so concluded, the Court next found that because there was no violation of a constitutional right, there was no basis for a § 1983 claim against the City and the parents' due process claim under the Fourteenth Amendment was moot.

Plaintiffs move for reconsideration of the Court's Order at Docket 78. They complain that this Court not only misinterpreted the law, but misapplied the law to the facts.

**A. Factual Discrepancies**

Plaintiffs dispute several factual findings that the Court perceived were undisputed or which the Court did not address. These include sequence of events at the scene of the accident, the size of the crowd, whether or not Dane admitted that he had been drinking, and whether or not VPO Turner knew or should have known

---

[3] *Lee v. Gregory*, 363 F.3d 931, 934 (9th Cir. 2004) quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

that Dane was intoxicated. However, the Court finds these discrepancies are not dispositive. Even if the facts were exactly as Plaintiffs have presented them, it does not change the critical facts relied upon by the Court in reaching its conclusions: VPO Turner was trained as a village police officer; VPO Turner handcuffed Dane Johnson in the front and put him in his police cruiser without performing a patdown; VPO Turner was attending to the victim; only 12 minutes elapsed from Turner's arrival on the scene until Johnson shot himself. None of these facts are disputed.

Plaintiffs also challenge the statement that VPO Turner had a "training manual and on-the-job training," disputing that Turner ever had a manual and that he received no on-the-job training. Not only are Plaintiffs' arguments incorrect based on the record, but they are non-sensical. "On-the-job training" simply means Turner learned how to be a VPO while *on the job*. Furthermore, the training manual (with Turner's name written on it) was produced in discovery.[4] Plaintiffs' factual disputes simply are not persuasive and, even if they were correct, they do not change the result.

### B. Due Process Protections

Plaintiffs argue that the Court committed clear error in finding that Dane Johnson had to have been incarcerated or

---

[4] See Docket 79, Ex. A at 2.

ORDER DENYING MOTION FOR
  RELIEF FROM JUDGMENT - 4
3:10-CV-0034-RRB

institutionalized before the protections of the Fourteenth Amendment due process clause were triggered. The Court made no such finding, noting only that the cases relied upon by Plaintiffs were distinguishable from this case and concluding that "Plaintiffs have cited no case that suggests that an individual who is briefly detained in the back of a police cruiser pending an on-the-scene investigation has a *constitutional right* to be protected from his own unanticipated suicide attempt."[5] The Court made its findings on the specific facts of this case.

In their Motion for Relief from Judgment at Docket 78, Plaintiffs cite additional cases that are factually distinct from this case. In *Kennedy v. Ridgefield City*,[6] the officer created a new danger that would not otherwise have existed. In *Wood v. Ostrander*,[7] a state police officer caused a passenger in a vehicle seized during a DUI stop to be stranded in a high crime area at night, where she was subsequently raped.[8] The *Wood* court found that the plaintiff "raised a genuine issue of fact tending to show that

---

[5]  Docket 75 at 7.

[6]  439 F.3d 1055 (9th Cir. 2006).

[7]  879 F.2d 583 (9th Cir. 1989).

[8]  The plaintiff in *Wood* specifically asked for help from the Trooper, which the Trooper declined to offer.

ORDER DENYING MOTION FOR
   RELIEF FROM JUDGMENT - 5
3:10-CV-0034-RRB

[the State] Trooper acted with deliberate indifference to [her] interest in personal security under the fourteenth amendment."[9] The undisputed facts of this case, taken as a whole, are entirely different from the cases relied upon by the Plaintiffs.

Plaintiffs further argue, relying on *City of Canton v. Harris*,[10] that § 1983 allows recovery where a person commits suicide if the officer acted with reckless indifference to the detainee's vulnerability. However, *Canton* makes no mention of suicide. Rather, it involved police failure to seek medical attention for a woman who showed repeated signs of needing medical attention while in police custody.

All of these cases are factually distinguishable from the case of Dane Johnson. Although the Ninth Circuit "has held state officials liable, in a variety of circumstances, for their roles in creating or exposing individuals to danger they *otherwise would not have faced*,"[11] the Court finds that Dane Johnson would have had access to his own firearms absent any affirmative actions by VPO Turner. Had VPO Turner failed to immediately handcuff Johnson and

---

[9] *Id.* at 588.

[10] 489 U.S. 378 (1989).

[11] 439 F.3d at 1062 (emphasis added).

put him in the cruiser, the result quite possibly would have been the same.

With respect to the risk of suicide, Plaintiffs argue that the Ninth Circuit has concluded that the failure to properly train in suicide prevention and the failure to have written policies to guide officers subjected the City to liability where a jury could conclude that the City's failure led to Constitutional violations of rights by the officer.[12] However, the Ninth Circuit specifically noted that:

> Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality ... can a city be liable for such a failure under § 1983. . . . Deliberate indifference by the municipality may be established where a violation of federal rights may be a highly predictable consequence of a failure to equip law enforcement officers with specific tools *to handle recurring situations*.[13]

Plaintiffs have not argued, nor could they, that VPO Turner was faced with a "recurring situation" in these circumstances. The general suicide rate in Alaskan villages is not comparable to the situation here. "It is clearly established that the Eighth Amendment protects against deliberate indifference to a detainee's serious risk of suicide. . . When a detainee attempts or threatens

---

[12] *Conn v. City of Reno*, 591 F.3d 1081,1103 (9th Cir. 2010).

[13] *Id.* (internal citations and quotations omitted).

suicide en route to jail, it is obvious that the transporting officers must report the incident to those who will next be responsible for her custody and safety."[14]  There was no suicide threat in this case.

Plaintiffs argue that VPO Turner was not required to make "split-second" decisions and that he should have anticipated the possibility of Johnson's suicide. But the Court finds that the passage of 12 minutes from VPO Turner's arrival on the scene until Johnson's death - which passed while VPO Turner was attending to a victim and managing crowd control - was an extremely short period of time, which under no set of facts would have allowed for thoughtful reflection.

The Court finds that although a patdown prior to leaving Dane alone in the cruiser could have led to a different result, VPO Turner's failure to conduct a patdown prior to placing Dane in his cruiser did not rise to the level of a Constitutional violation. The Supreme Court has explained the purpose of a patdown search:

> When an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, the officer may conduct a patdown search to determine whether the person is in fact carrying a weapon. . . . The purpose of this limited search is not to discover evidence of crime, but to allow

---

[14]    *Id.* at 1102.

ORDER DENYING MOTION FOR
   RELIEF FROM JUDGMENT - 8
3:10-CV-0034-RRB

> the officer to pursue his investigation without fear of violence. . . .[15]

Nothing in the record before this Court indicates that VPO Turner suspected Dane Johnson was "armed and presently dangerous." Johnson had just run over a child with his four-wheeler; his offense did not even involve a weapon.

A state actor, such as a law enforcement officer, is entitled to qualified immunity in an action filed under § 1983 if his or her conduct during a criminal investigation either does not violate a federal constitutional right, or the constitutional right was not clearly established on the date of the alleged violation.[16] Whether a right is "clearly established" means "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."[17] Even if this Court were to conclude that VPO Turner should have searched Johnson before taking him to the police station (contrary to what is apparently routine procedure in Unalakleet), this Court is not inclined to find that VPO Turner had

---

[15] *Minnesota v. Dickerson*, 508 U.S. 366, 373, 113 S. Ct. 2130, 2136 (1993).

[16] 121 S. Ct. at 2156.

[17] *Menotti v. City of Seattle*, 409 F.3d 1113, 1152 (9th Cir. 2005).

an obligation to search Johnson in the 12 short minutes during which his first priority was attending to the victim.

### C. City of Unalakleet

Once a Constitutional right has been established and violated, the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to "deliberate indifference" to the rights of persons with whom the police come into contact. Having found no violation of a Constitutional right in this matter, the § 1983 claim against the City of Unalakleet must be dismissed.

## II. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Relief from Judgment at **Docket 78** is hereby **DENIED.**

**IT IS SO ORDERED.**

ENTERED this 11th day of January, 2011.

                                        S/RALPH R. BEISTLINE
                                        UNITED STATES DISTRICT JUDGE